JUAN B. SOTO LATORRE, Petitioner and Appellee, *v.* RETIRE-
MENT BOARD OF THE EMPLOYEES OF THE INSULAR GOVERN-
MENT OF PUERTO RICO, ETC., Defendant and Appellant.

No. 9624. Argued April 2, 1948.—Decided April 13, 1948.

*Luis Negrón Fernández, Attorney General, A. Torres Braschi* and
*Jesús Zequeira, Assistant Attorneys General,* for appellant. *José*
*Sabater* and *José O. Sabater* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In 1926, while the petitioner, Juan B. Soto Latorre, held
the position of Inspector of the Workmen's Accident Com-
pensation Commission, he requested and obtained his retire-
ment under the Act then in force and a life monthly pension
of $45.94 was granted to him. On July 18, 1935, he re-entered
the Government of Puerto Rico as an Internal Revenue Agent
of the Department of Finance, after having passed the corre-
sponding Classified Civil Service examinations. On Novem-
ber 3, 1943, the Treasurer of Puerto Rico preferred charges
against him and removed him from office on December 3
following. Since while the petitioner performed the duties
of the position of Internal Revenue Agent his pension had
been suspended, upon ceasing in said position, he requested
the Board to restore to him his right to a pension and the
Board, by a resolution dated March 13, 1946, so agreed, but
granted to him only the amount which he received when he

retired in the year 1926. In so doing, the Board refused to take into consideration the additional years of services rendered by the appellee to the Government of Puerto Rico from July 18, 1935, to December 3, 1943, the date on which, as we have already stated, he was removed from office.

The petitioner thereupon applied to the District Court of San Juan for a writ of mandamus, and after the respondent Board had answered the petition, a hearing was accordingly held. The district court then rendered judgment sustaining the petition, ordering the respondent Board to reliquidate petitioner's pension and to add thereto the new period of services rendered to the Government by the petitioner, and imposing on the defendant the payment of costs, without including attorney's fees.

The Board thereupon took an appeal and in its brief it contends that the district court committed manifest error in holding that the petitioner was entitled to have the second period of services computed, for the purposes of determining the amount of the life pension granted to him.

■■ In accordance with § 4 of Act No. 23 of July 16, 1935 (Spec. Sess. Laws, p. 126), the retirement of every official or employee comprised in said Act is granted with a life annuity (1) by reason of age, (2) physical disability, (3) length of service, or (4) involuntary separation. Every official or employee in active service who reaches the age of 60 years after having rendered services to the Government of Puerto Rico for a period of not less than 20 years shall be entitled to retirement by reason of age. Retirement for physical disability may be enjoyed by every official or employee comprised in the Act, who has served the Government for at least 15 years, and who, before he is entitled to retirement by reason of age, or for years of service, shall become totally and permanently disabled to engage in any kind of gainful occupation. Retirement by reason of age shall be enjoyed by every official or employee in the service, who has reached

the age of 55 years, in case of males and 50 years in case of females, and who has rendered at least 25 years of service in accordance with the Act. Any person who has served the Government for at least 30 years regardless of age, shall also be entitled to this kind of retirement. And retirement by reason of involuntary separation is granted to every official or employee to whom Act No. 23, *supra,* is applicable, and who has reached the age of 45 years, "after he has served for a period of not less than twenty (20) years and before he is entitled to retire, is involuntarily separated from the classified or unclassified Civil Service for any reason except removal, . . ."[1]

When the retirement is requested on the basis of any of the first three modalities, the number of years of services rendered by the officer or employee is very important in the computation of his pension. See § 9.[2] It is otherwise when the retirement is requested by reason of involuntary separation, in which case it will be sufficient that the applicant is 45 years old or over and that he has served the Government during 20 years and has not been removed for just cause. *Landán* v. *Retirement Board,* 65 P.R.R. 117 and *Del Valle* v. *Retirement Board,* 62 P.R.R. 198.

The petitioner in this case, however, does not request a retirement pension under any of the above-mentioned modali-

---

[1] See §§ 5, 6, 7, and 8 of Act No. 23 of July 16, 1935, pp. 126, 130 to 134.

[2] "Section 9.—The life annuity of any official or employee of the Insular Government of Puerto Rico, within the classified or unclassified Civil Service, who may be retired under the provisions of this Act, shall be a sum equal to two per cent (2%) of the average of the salaries received by the official or employee during the last eight (8) years of service multiplied by the total number of computable years of service during which he paid his quota normally, and one and one-half per cent for each additional year of computable service during which he did not pay his quota.

In computing the services of an official or employee, the different periods of service rendered as defined in Section 3 shall be added together, the total of which in complete years shall be the basis for fixing the amount of his life annuity, the fractional part of a year to be disregarded.

In computing the amount of the life annuity, the multiple of twelve nearest to the figure obtained in the arithmetical operation shall be adopted."

ties. His right to a pension has already been established and acknowledged since 1926, in accordance with the law then in force. What he requests is that the amount of his pension be reliquidated and that the additional number of years he has served the Government since 1935 up to his removal in 1943 be taken into consideration.

The respondent Board insists that the petitioner is not entitled to the relief sought because (a) he was removed from his position, and (b) he failed to claim his right to the additional pension while he was in active service and before he ceased in office. That contention is not correct.

When an officer or employee requests his retirement by reason of age, physical disability or length of service, it is sufficient if he filed his application while he is in active service, and the manner in which his services have terminated is wholly unimportant. Cf. *Tirado* v. *Retirement Pension Board,* 38 P.R.R. 901. Only in a case where the applicant requests his retirement for involuntary separation is it required that his cessation be not due to removal for a justifiable cause and that, as in all other cases, the retirement be requested while he is in active service. However, the petitioner herein is not seeking that a pension be granted to him for the first time, nor is he applying for retirement by reason of involuntary separation. That pension, as we have already seen, was granted to him on 1926, and he now merely seeks that the additional years served by him in the Department of Finance be computed in connection therewith. His case is not at all covered by § 8, *supra.* It is covered by § 19 of the Act, which provides: ". . . that officials and employees retired . . . may return to active service in the Government of Puerto Rico if they so desire, the life annuity enjoyed by them being suspended . . . " and that "In such cases, the rights acquired within the Civil Service by officials and employees shall not, upon their return to the service, be affected by the Puerto Rican Civil Service Laws and Rules. *Neither*

*shall the rights acquired by such officials and employees to obtain again a life annuity be affected, and the Retirement Board shall, therefore, grant them, without further requirements, the life annuity they are entitled to when they again leave the service . . .* " (Italics ours.)

That Section states with crystal clearness that the rights of retired officers or employees to obtain *again* a life annuity shall not be affected either. It is unquestionable that if the same pension originally granted to the officer or employee were involved, the lawmaker would not have stated that the former's right to obtain again a life annuity shall not be affected. "Again" is a modal adverb, equivalent to "anew," which means *iteratively* or *repeatedly.* The iterated or repeated granting of a pension presupposes the existence of a prior pension. Therefore, the Act could not have referred to the pension originally granted, but necessarily to a new pension, which is an iteration or repetition of that previously granted. Moreover, § 19, *supra,* goes on to provide that said life annuity shall be granted *without further requirements* "when they again leave the service." Without further requirements undoubtedly means, the mere filing of an application with the Board, stating to the latter that the officer or employee has ceased once more in the service and that he desires that the additional years served by him be computed.

Said Section finally provides that "retired officials and employees returning to active service shall again contribute to the Retirement Fund." Does not this clearly mean that such retired officials and employees by reason of their contributing again to the fund are entitled to the computation in their favor of the additional years served by them? An affirmative answer is imperative. It would be illogical to think that the Act requires the official or employee who returns to the service to contribute to the Retirement Fund with 3 per cent of his earnings while it denies to him any right arising from such contribution.

For the foregoing reasons we reach the conclusion that the fact that the appellee was removed from office for just cause, or that his application was not filed with the Board while he was performing his official duties as an employee of the Departament of Finance, does not deprive him of his right to enjoy an additional pension for the years of service rendered by him upon his return to the Government service on July 18, 1935.

In fairness to the petitioner we feel bound to state that from the record it appears that he was not removed for a dishonorable cause, but, as stated by the judge of the lower court, "rather because of an erroneous conception of how a government should be constituted, said conception being nourished in part by an extreme political ardour."

The judgment appealed from should be affirmed.